# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DEREK FOX,

    *Plaintiff*,

vs.

D. NEVEN, *et al.*

    *Defendants*.

2:13-cv-00438-JCM-PAL

ORDER

This removed *pro se* prisoner civil rights action by a state inmate comes before the court for initial review under 28 U.S.C. § 1915A and on plaintiff's motion (#7) for appointment of counsel.

### *Screening*

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the

complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686-87 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the complaint, plaintiff Derek Fox alleges that he was attacked by another inmate while in segregation custody due to, *inter alia*, deliberate indifference. According to the allegations of the complaint, Fox was placed in segregation following an alleged attack on a correctional officer, which allegedly made him a target for retaliation by other inmates. Plaintiff alleges that on August 11, 2011, he was sent out onto the yard without an escort while wearing a waist-cuff belt, and another unescorted inmate slipped out of his restraints and attacked him. According to the allegations of the complaint, plaintiff instead should have been escorted on a walk-alone basis, with only an officer escort and no other inmates present. He alleges that his grievances were rejected pursuant to a pattern of denials.

Plaintiff names as defendants High Desert State Prison ("High Desert") warden D. Neven, associate warden Cole Morrow, Nevada Department of Corrections ("NDOC") director James G. Cox, and five fictitiously named defendant officers, all in their official and individual capacities. He seeks compensatory and punitive damages, as well as preliminary and permanent injunctive relief against retaliation for filing this action.

Plaintiff brings count I against associate warden Morrow. Plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the eighth amendment by deliberate indifference to his safety and negligence. He alleges that defendant Morrow is responsible for this alleged violation because he failed "to maintain at least some professional status amongst his segregation unit security officers in unit 2C . . . from causing intentional or negligence [sic] injuries." Plaintiff further alleges that Morrow denied his grievances as part of an intentional pattern of denials.

Plaintiff brings count II against warden Neven. Plaintiff alleges that he was denied equal protection of law in violation of the fourteenth amendment because he was discriminated against as a "class of one." He alleges that Neven "as warden is responsible fro all correctional and staff personnel when it comes to all rules and regulations protecting all parties and making sure that training classes and programs are available regardless of economical status, or furloughs shortage." He further alleges that High Desert grievance procedures are "inaccurate," apparently for not following an governing regulation.

Plaintiff brings count III against director Cox. Plaintiff alleges that he was denied equal protection in violation of the fourteenth amendment because he was denied "evenhanded protection" as a "class of one." He alleges that: (a) Cox' "indirect [sic] involved [sic] at H.D.S.P. segregation unit 2-C does not allow him to be unresponsible [sic] for his employees or security staff intentional or negligence misconduct;" (b) "many 2d level grievances are 'not' seen by the director or his designated staff when it comes to misconduct of security staff violating inmates rights;" and (c) Cox "should be immediately involved in all staff or security infraction[s] alleged between inmates [and] staff in order to remove any potential cover-up or misconbobulated [sic] facts removing staff from any wrong-doings."

Count I fails to state a claim upon which relief may be granted against the sole defendant named in the count, associate warden Morrow.

First, count I does not state a claim against defendant Morrow under the eighth amendment. In order to state a claim for relief for deliberate indifference to a serious risk of inmate safety, the plaintiff must present factual allegations tending to establish that the defendant official knew of and disregarded an excessive risk to inmate health or safety. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official both must be aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn, and he also must draw the inference. *Id.* In other words, a plaintiff must show that the official was subjectively aware of the serious risk of harm to the inmate but failed adequately to respond. Alleged negligence does not give rise to an eighth amendment violation. 511 U.S. at 835. Plaintiff presents no nonconclusory allegations of actual fact that would tend to establish that defendant Morrow was subjectively aware of facts from which he could infer that there was an excessive risk to plaintiff's safety. He therefore fails to state a claim for relief under the eighth amendment against Morrow or, indeed, any other person. *Accord Simmons v. Lamarque*, 2011 WL 221705 (9th Cir. January 25, 2011)(unpublished).

Second, count I further does not state a claim for relief against defendant Morrow based upon supervisory responsibility for the acts of subordinates. There is no *respondeat superior* liability under § 1983. A supervisor may be held liable in his individual capacity only if he either was personally involved in the constitutional deprivation or a sufficient causal connection existed between his unlawful conduct and the constitutional violation. *See, e.g., Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001). The conclusory allegation made only of inadequate supervision is insufficient to establish supervisory liability.

Third, count I does not state a claim for relief under the eighth amendment or otherwise based upon the denial of grievances, whether intentionally pursuant to a pattern or otherwise. It is well established that prisoners do not have a protected liberty interest in a particular grievance or appeal procedure for a procedural due process claim . *See, e.g., Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Allegations that a defendant improperly responded

to or denied a grievance fail to state a claim separate and apart from the underlying alleged constitutional violation. Plaintiff further clearly is not subjected to cruel and unusual punishment when a grievance is denied or handled improperly.

Finally, an alleged failure to follow state corrections department regulations does not give rise to a constitutional violation, under the eighth amendment or otherwise. *See, e.g., Sandin v. Conner*, 515 U.S. 472 (1995).

Counts II and III also fail to state a claim upon which relief may be granted. An alleged failure to protect an inmate from attack by another inmate does not give rise to a viable equal protection claim. The equal protection clause does not provide any relevant protection on the facts alleged over and above that provided directly by the eighth amendment. Plaintiff's allegations that he constitutes a "class of one" and that he was denied "evenhanded protection" do not present a viable equal protection claim. Not every dissimilar treatment of similarly situated individuals violates the equal protection clause. *Accord Simmons, supra*. Moreover, as discussed regarding count I, plaintiff cannot base liability claims against defendants Neven and Cox solely upon their supervisory responsibility, and the denial of grievances does not give rise to viable separate constitutional violation.

The complaint further does not state a claim upon which relief may be granted for damages against any of the defendants in their official capacity. First, claims for monetary damages from the individual defendants in their official capacity are barred by state sovereign immunity under the eleventh amendment. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). Second, state officials sued in their official capacity for monetary damages in any event are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10 (1989). The complaint therefore does not present a viable claim for damages, as opposed to injunctive relief, against any of the defendants in their official capacity.

The complaint further does not state a claim under 28 U.S.C. § 242, because there is no such provision. If plaintiff instead intended to refer to 18 U.S.C. § 242, he has no claim under this criminal statute. *See, e.g., Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The complaint therefore will be dismissed without prejudice subject to an opportunity to amend.

If plaintiff files an amended complaint, he should note the following.

First, in the complaint, plaintiff presented extensive allegations of fact in the nature of the case section rather than in each count. In the nature of the case portion of the form, plaintiff instead should give only a brief general overview of the factual basis for the action. Under the instructions, "[t]his is not the place to provide detailed information about what each defendant did to violate your rights – that should be done in" the counts. *Instructions*, at 6. All operative specific allegations of fact should be presented within the counts of the complaint. Plaintiff, however, may incorporate allegations from earlier counts in later counts.

Second, he must state a viable claim against an actual named defendant before this action can proceed forward. The action cannot be served on fictitious John Doe defendants.

### ***Motion for a Appointment of Counsel***

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998)(*en banc*). The provision in 28 U.S.C. § 1915(e)(1), however, gives a district court the discretion to request that an attorney represent an indigent civil litigant. *See, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1)("The court may request an attorney to represent any person unable to afford counsel."). Yet the statute does not give the court the authority to compel an attorney to accept appointment, such that counsel remains free to decline the request. *See Mallard v. United States District Court*, 490 U.S. 296 (1989). While the decision to request counsel is a matter that lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *E.g., Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id*. Neither of these factors is determinative and both must be viewed together before reaching a decision. *Id.*

The court does not find that exceptional circumstances warrant requesting a private attorney to voluntarily represent plaintiff in this matter. The claims presented do not present claims with such a likelihood of success and/or complexity as would warrant a request for a private attorney to take the case. Plaintiff has demonstrated an adequate ability to articulate the claims presented *pro se*.

The motion for appointment of counsel therefore will be denied.

IT THEREFORE IS ORDERED that the complaint is DISMISSED without prejudice and that plaintiff shall have **thirty (30) days** within which to mail for filing an amended complaint correcting the deficiencies identified in this order, to the extent possible. If plaintiff does not timely submit an amended complaint or if the amended complaint does not correct the deficiencies identified in this order, final judgment dismissing the action will be entered without further advance notice.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number,**2:13-cv-00438-JCM-PAL**, above the word "AMENDED" in the space for "Case No."

Under LR 15-1 of the local rules, any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

IT FURTHER IS ORDERED that plaintiff's motion (#7) for appointment of counsel is DENIED.

DATED: December 6, 2013.

_____
JAMES C. MAHAN
United States District Judge